UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEVIN FOSTER-BEY, et al.,

    Plaintiffs,

v.                                   Case No. 3:16cv477/RV/CJK

RON HILL, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff Kevin Foster-Bey (DC #A51296), proceeding *pro se*, has filed a complaint under 42 U.S.C. § 1983 and 28 U.S.C. § 1367, in which he and nine other inmates of the Florida Department of Corrections[1] have joined together in this single suit their claims that prison officials at Walton Correctional Institution are violating their rights under the Constitution, federal law and state law by impeding the exercise of their religion (the Moorish Science Temple of America). (Doc. 1). The complaint was signed by all ten plaintiffs, as were two other documents simultaneously filed by the plaintiffs: an "Ex parte Motion for Court to Designate

---

[1] The nine other inmates are Joey Dawson, a/k/a/ Joey Mustafa-El (DC#797733); Rodney Frank London-Bey (DC#897457); Kenneth Bronson-El (DC#V46430); Kenny Bissainthe, a/k/a/ Africa Bissainthe-El (DC#L48865); Carl Murray-Bey (DC#N00396); Tiant T. Hutchinson-El (DC#M35104); Regie Bell-El (DC#C09254); Jay C. Canavan (DC#332458); and Edward B. Watkins (DC#A724410). (Doc. 1).

Plaintiff Kevin Foster-Bey as Case Representative" (doc. 4) and "Plaintiffs' Motion for Preliminary Injunction" (doc. 5).  Plaintiff Kevin Foster-Bey also filed a "Jury Demand" (doc. 2), and a motion to proceed *in forma pauperis* on his own behalf (doc. 3) which is incomplete in that it is lacking a prisoner consent form, financial certificate and account printout.

The Eleventh Circuit has held that inmates may not join together in a single civil suit so as to share the mandatory filing fee.  *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001).  The *Hubbard* court found that "the intent of Congress in promulgating the [Prison Litigation Reform Act] was to deter frivolous civil actions brought by prisoners by requiring each individual prisoner to pay the full amount of the required fee."  *Id*. at 1195.  The circuit court affirmed the district court's decision to dismiss (without prejudice) the case filed by multiple prisoner-plaintiffs and to require each prisoner to file an individual action accompanied by the full filing fee or an application to proceed in forma pauperis.  *Id*. at 1195, 1198; *accord Bowens v. Turner Guilford Knight Detention*, 510 F. App'x 863 (11th Cir. 2013) (affirming district court's dismissal, under *Hubbard*, of civil rights complaint in which six inmates of a jail in Miami, Florida, joined their claims together in a single suit).

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be DISMISSED WITHOUT PREJUDICE to each plaintiff filing a new individual complaint on his own behalf, and either paying the full $400.00 fee ($350.00 filing fee and $50.00 administrative fee) or submitting an individual application to proceed *in forma pauperis*.

2.  That the Clerk be directed to close the file.

At Pensacola, Florida this 5th day of October, 2016.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.